## ALSOBROOK vs. SOUTHERLAND, et al.

1. An obligation under seal, to pay the debt of another, may be impeached, for want of sufficient consideration ; and is not recoverable where such defence is made, unless the plaintiff shews that a valid consideration existed.

This action was debt, in Franklin Circuit court, by G. and J. Southerland ; and was founded on a writing under seal, whereby the plaintiff in error agreed to pay a certain sum, on account of his son. The plaintiffs relied alone on the production of the agreement ; and produced no further evidence. On the part of the defendant, was offered a writing, signed by the plaintiffs, setting forth, that they had received two notes of the defendant, (stating their amounts) (one of which corresponded with that sued on in the present action) on account of his son ; and that it was understood, that defendant was to pay a certain annual amount in discharge of his son's just debts ; and that the plaintiffs were to receive their proportion. The object of the defence was to show a want of valid consideration, received by the defendant. The court below, however, charged the jury, in relation to the defence set up against a recovery by the plaintiffs, that, from the testimony of the defendant, it appeared, that time of payment was given to the defendant's son ; and that it was a sufficient consideration to sustain the action. A verdict having been rendered against the defendant, the case was brought up by bill of exceptions.

*Ormond,* for plaintiff— *W. B. Martin, contra.*

LIPSCOMB, C. J.—This was an action of debt, brought by the Southerlands, the plaintiffs below, against Alsobrook, on his writing under his seal, as follows: "On or before the first day of March, eighteen hundred and twenty-eight, I promise to pay G. and J. Southerland, or order, one hundred and twenty-four dollars ninety-one cents for value received, on account of my son Kindred—Witness, my hand and seal, this eighteenth day of August, eighteen hundred and twenty-six.—Signed, Wm Alsobrook (seal.)"

The plaintiffs offered no other testimony than the note on which the action was brought.

The defendant offered and read as testimony, an agreement in writing, signed by the Southerlands, in the following words: "This is to certify, we have received two notes of William Alsobrook, on account of his son Kindred, for two hundred and forty-nine dollars and eighty-two cents—one payable first of March next, for one half, and the other payable first of March eighteen hundred and twenty-eight, for the other half. Now, it is understood that said William Alsobrook agrees to pay for his son Kindred, at the rates of one hundred and fifty dollars per year from the first of March last, to his creditors, until his just debts are paid, and should the payments above be more than our proportion, then and in that case, we are to receive our proportion, and give proportionate time for the balance. Given under our hands, this 18th day of August, 1826. Signed, G. and J. Southerland."

The court charged the jury, that from this testimony, offered by Alsobrook, it appeared that time was given to Kindred, which was a sufficient consideration to support the bond sued, and to bind the defend-

ant. To this charge the defendant excepted, and now assigns it for error.

It is contended, by the plaintiff in error, that the record shows the foundation of the action to be a promise to pay the debt of another, without an adequate consideration. The English statute of frauds, from the time of the case of *Wain* v. *Walters*, has been much discussed, both in England and in this country; and the decisions have been far from uniform. It is now, however, thought to be, the well established doctrine, that the. consideration need not be expressed in the written agreement. If it is good in law, such as giving day, or discharging the debtor, or any thing else deemed good in law, the promise to pay will be binding and valid. We need not, however, discuss the law of the statute of frauds; because, on its construction, there was no controversy at the bar, and an entire concurrence on the part of the court. And, as it was said by the counsel for the plaintiff in error, the only question is, whether the record shows the promise on which the action is founded, is based on a consideration deemed good in law. The record shows clearly that it was a promise or undertaking for the debt of another. Does it also show, that it was on a good consideration? The charge of the Judge assumes a fact, which, if proven, would constitute a sufficient consideration. We will see whether this assumption is well taken, and supported by the proof. The Judge says, that it was for giving day of payment to Kindred, the original debtor, and that the paper signed by the Southerlands, and offered in evidence by Alsobrook, establishes the fact. In this, I apprehend, the Circuit Judge erred: the only reference to time and indulgence, contained in

that piece of written testimony, is an extension of indulgence to Alsobrook, and not to his son.   If, however, a  fair  inference could be  drawn  from the testimony, that there was a good  consideration to support the undertaking, we should not feel authorised to reverse  the judgment, because the  Judge had arrived at the correct conclusion, by reasoning from assumed  or  imaginary facts.   The record, however, will not sustain the conclusion, that  the  promise was in consideration of giving day ;  nor that it was in discharge of the original debtor:  nor does it disclose any other  good consideration, to  take the promise out of the statute.  The  record in  this case  would be no bar to an action against Kindred  Alsobrook by  the Southerlands ;  there does not appear to be any agreement on their part, to the substitution of his father as their debtor.

It is however, contended, that under our  statute, the promise being in writing, imports, of itself a good consideration.   Be it so ;  and let us then  see how far the admission will affect the case.  The note declared on as the foundation of the plaintiffs' action, is *prima facie* evidence of the plaintiffs' right of recovery; and in the absence of all other  proof it would be conclusive.   The maker, however, wishes to impeach the consideration, and  he assumes the affirmative, that it was given without any sufficient consideration. He must then, sustain the ground he has taken ;  and in doing so, if he proves that it was  given for the debt of another, his defence is complete ;  unless the plaintiff can  show,  that though the promise was for the debt of another, it was within the exceptions to the statute.    The defendant can not be required to prove a negative ;  that it was not for any of those conside-

rations deemed good in law. The record shows us that the promise was for the debt of another, and at this point the evidence stops. The *prima facie* evidence of a good consideration, arising from the promise, being in writing, is rebutted, and the plaintiffs below failed to bring themselves within the exceptions to the statute. A majority of the court are therefore of opinion, that the judgment must be reversed, and the cause remanded.

SAFFOLD, J.—I concur in the result of the opinion, as delivered in this case by the CHIEF JUSTICE; but for reasons so far different, that they may become material on a future trial—hence I think it proper to express them.

I regard the note sued on, and which is expressed to have been given *for value received;* as *prima facie* evidence of a legal and sufficient consideration. The additional words, that the value was so received, *on account of Alsobrook's son Kindred,* I think do not materially vary the case. Why the consideration was expressed to be on his account? how the demand was created, and whether it had a previous existence? no intimation was afforded by the note; nor did it appear whether the son, Kindred, had ever been legally responsible for the debt, or that it may not have been originally contracted by his father, for his use.—Therefore, in the absence of any other proof explanatory of these facts, I consider the effect of the note the same as if nothing had been expressed in it concerning the account of another.

The defendant having impeached the consideration, it devolved upon him to prove its insufficiency; for this purpose, he introduced the certificate of the

Southerlands, as stated in the record. Whether by this opposing testimony, the *prima facie* evidence of consideration was destroyed—whether the presumption arising on the face of the note, had been paralized or overbalanced, was an enquiry within the legitimate province of the jury. I maintain, they should have been instructed to draw their own inferences respecting the facts connected with the consideration, from the evidence mentioned, and any other of a competent character, if offered, and to have governed their verdict accordingly.

Instead of this course, the court appears to have charged the jury, that the certificate mentioned, proved, that time had been given to the debtor Kindred, and that this forbearance was a sufficient consideration to sustain the action.

In thus assuming the fact, of a consideration, instead of submitting it to the jury, and in this only, I think the Circuit court erred.

TAYLOR, J.—On one point in this case, I am compelled by my convictions, to dissent from the opinions of my brethren. It is with regard to the effect of the instrument, set out in the first plea of the defendant below.

That instrument was executed by the original plaintiffs to the original defendant, and is in the following words: "This is to certify, we have received two notes of William Alsobrook, on account of his son Kindred, for two hundred and forty-nine dollars and eighty-two cents—one payable first of March next, for one half, and the other payable first of March eighteen hundred and twenty-eight, for the other

half. Now, it is understood that said William Alsobrook agrees to pay for his son Kindred, at the rates of one hundred and fifty dollars per year from the first of March last, to his creditors, until his just debts are paid, and should the payments above be more than our proportion, then and in that case, we are to receive our proportion, and give proportionate time for the balance. Given under our hands, this 18th day of August, 1826. Signed, G. and J. Southerland."

This instrument appears to have been the. evidence, and the only evidence, introduced by the defendant; the one sued on was all that was offered by the plaintiffs. On this testimony the defendant's counsel moved the court to instruct the jury, " that if they believed from the evidence that such was the grounds and only consideration for the bond sued on, that then they should, under the law, find for the defendant. But the court charged, that from said paper or written testimony, it appeared that time was given to the debtor Kindred, which was a sufficient consideration to support the bond sued on in this case."

Our statute, declares, " that whensoever any suit is depending in any of the courts of this state, founded on any writing, under the seal of the person to be charged therewith, it shall and may be lawful for the defendant or defendants therein, by a special plea, to impeach, or go into the consideration of such bond."

*Toul. Dig 462.

Under this statute, the defendant is, by our decisions, permitted to plead that a sealed instrument, the foundation of the action, was given without consideration; and this plea was filed in this case.

It is contended, that the instrument set out in the plea, shows that there was no consideration for the bond sued on; that the original plaintiffs retained the right to pursue their debtor Kindred, at any moment, and that they relinquished nothing when the bond of the defendant was given. But if this was not the case, the charge was too broad, as it deprived the jury of the right of judging of the weight of the testimony.

My own opinion is, that the instrument introduced by the defendant, was not intended to evidence the inducement to the defendant to become bound for his son's debts; that it was only taken to prevent his being required to pay more than one hundred and fifty dollars a year to all the creditors of his son, and to secure him against a demand, by the plaintiffs, of a greater amount than their proportion of that sum : the consideration of his agreement to pay might have been, and probably was, altogether distinct from that writing.

The introduction of the writing, then, could not affect the case : the bond, to the plaintiffs, afforded evidence of a consideration until it was rebutted, by proof that it was a *nudum pactum*; no such proof was offered, and a verdict against the defendant for its amount, was the necessary consequence. No injury was sustained by the defendant in consequence of the charge, and if the Judge's construction of the instrument were wrong, it could not have varied the result, if it had been different.

The objection, that the court invaded the rights of the jury in the instructions which were given, can not be sustained for a moment. There was no evidence before the jury but written, and that of a kind,

the construction of which is matter of pure law. In all cases where the meaniug and intention of the parties is to be collected from the instrument itself, it is a1 Starkie, a matter of pure law.ª Here the meaning and inten- 429. tion was to be collected from the instruments, both the one sued on, and the one pleaded. No testimony tending to contradict or vary the agreements expressed in them could have been received. So far as they spoke at all, they spoke conclusively for themselves. It is true, inferences of law, arising from them might, have been rebutted, as that there was a consideration, &c. but this does not conflict with the principle.

    I think the judgment should be affirmed.